IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL RAWLINGS

        Plaintiff,

v.                                                                                      No.

MALVERN PREPARATORY SCHOOL                        JURY TRIAL DEMANDED

        Defendant.

## COMPLAINT

Plaintiff Michael Rawlings files this Complaint against Defendant Malvern Preparatory School, and in support thereof avers as follows:

### Jurisdiction and Venue

1.    The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction of Counts I, II, II and IV of this Complaint which are based upon laws of the United States of America, the Age Discrimination in Employment Act, 29 U.S. C. §621 ("ADEA"); and the Americans with Disabilities Act, 42 U.S.C. §12101, ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). This Court has supplemental jurisdiction over Counts V and VI which arise under the common law and statutory law of the Commonwealth of Pennsylvania.

2.    Plaintiff requests a trial by jury of the claims raised herein.

3.    Venue is appropriate in this Court pursuant to 28 U.S. C. §1392(b) in that Defendant has ongoing business operations in this District, Plaintiff worked within this District and the events giving rise to the claim occurred in this District.

4.    The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

1

5. Plaintiff has complied with the applicable administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC"), on May 24, 2018, EEOC Charge no. 530-2018-04069; and simultaneously dual filing a Complaint with the Pennsylvania Human Relations Commission ("PHRC") (Case number no. unknown).

6. On July 26, 2018, the EEOC issued a Notice of Right to Sue permitting Plaintiff to file his causes of action under the ADEA and ADA in this Court.

7. Plaintiff intends to amend this Complaint and assert causes of action under the Pennsylvania Human Relations Act, 43 P. S. §955(a), ("PHRA") upon receipt of applicable authority from the PHRC.

### Parties

8. Plaintiff Michael Rawlings ("Rawlings") resides at 1616 West Lynn Drive, West Chester, PA 19382.

9. Defendant Malvern Preparatory School ("Malvern Prep"), is a non-profit corporation that maintains a principal place of business in the Commonwealth of Pennsylvania at 418 S. Warren Avenue, Malvern, PA 19382.

10. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority in the course of their employment and under the direct control of Defendant.

### Factual Background

#### *Rawlings' Employment at Malvern Prep*

11. Plaintiff Michael Rawlings ("Rawlings") is a 64-year-old male.

12.    Plaintiff Rawlings is a certified teacher who has a Bachelor of Science degree in Business, a Master of Education degree in Mathematics, a Master of Science degree in Pastoral Care and Counseling, and a MiSP Certificate in Mindfulness Instruction.

13.    Defendant Malvern Prep is a Catholic college preparatory school for boys in grades 6 through 12, which each year has approximately 600-700 students and 70 teachers.

14.    In 1990, Plaintiff Rawlings commenced employment with Defendant Malvern Prep as a mathematics teacher.

15.    Plaintiff Rawlings was a full-time teacher at Malvern Prep for 28 consecutive years.

16.    On February 27, 2017, Plaintiff Rawlings and Defendant Malvern Prep entered into a Teacher Contract for the 2017-2018 Academic Year, covering the period September 1, 2017 through August 31, 2018 (the "Contract") (*See* Exhibit "A").

17.    The Contract requires Defendant Malvern Prep to pay Plaintiff Rawlings an annual salary of $93,346 on a semi-monthly basis, plus employment benefits.

18.    In addition to the contract salary Plaintiff Rawlings was paid separately for coaching.

19.    Rawlings was expected to actively work as a teacher under the Contract for a period of time commencing on or about, September 1, 2017 through June 8, 2018 and then be off from work for the summer beginning or about, June 9, 2018 through the end of August 2018.

20.    During the 2017-2018 school year, Plaintiff Rawlings and his wife also received additional compensation in the approximate amount of $5,545.00 per month for providing living accommodations at their house for four Chinese students who attended Malvern Prep.

21.   In the year ending 2017, Rawlings' total earnings from Malvern Prep were $106,558.48.

22.   Plaintiff Rawlings was an extremely active teacher who participated in and attended many Malvern Prep extra-curricular events.

### *Rawlings' Cluster Headaches*

23.   Since the mid-2000s, Plaintiff Rawlings has suffered from cluster headaches, a chronic condition characterized by symptoms that can escalate from time to time.

24.   Defendant Malvern Prep was aware of Plaintiff Rawlings' cluster headaches.

25.   As a consequence of the cluster headaches, there were occasions during certain school days when Plaintiff Rawlings had to go to a quiet place ("the Quite Room") to go through the attack and use an oxygen tank and ice wraps to recover.

26.   The Quiet Room was established by Malvern Prep as an accommodation to Rawlings under the ADA.

27.   In the Fall of 2016, Plaintiff Rawlings' chronic cluster headaches intensified, and he sought treatment at the University of Pittsburgh Medical Center.

28.   As a consequence, Plaintiff Rawlings needed time off from work and he had to leave pursuant to the Family and Medical Leave Act ("FMLA"), 29 U. S. C. §2601.

29.   Plaintiff Rawlings resumed his full-time duties effective, January 23, 2017.

30.   One week after Plaintiff Rawlings returned to work, he was issued a "Corrective Action Form" in the form of a "Final Warning" that claimed Rawlings made two administrative employees feel "uncomfortable, intimidated and uneasy" on December 22, 2016 at a time that Rawlings was experiencing a cluster headache attack, while notifying the employees that he needed to go home.

31.    Plaintiff Rawlings had no intention of making the administrative employees feel "uncomfortable, intimidated and uneasy."

32.    Plaintiff Rawlings had notified the two employees that he needed to go home. since neither the Head of School, Christian Talbot, nor Ron Algeo, Assistant Head of School, were on campus at that time.

33.    During the period January-March 2018, there were several occasions when Plaintiff Rawlings needed to access the Quiet Room that Malvern Prep had been providing as a reasonable accommodation for treatment of Rawlings' cluster headaches; however, Malvern Prep designated the Quiet Room to be used by for other purposes and Rawlings was denied access.

34.    Plaintiff Rawlings made several complaints that he was not being given access to the Quiet Room on a regular basis as required by his reasonable accommodation request.

### The Nonrenewal of Rawlings' Contract

35.    Defendant Malvern Prep provides its teachers with annual employment contracts.

36.    On March 16, 2018, Plaintiff Rawlings was called in to a meeting with Father Donald Reilly, Head of School, and Neha Morrison, Director of Human Relations, and advised that he would not be receiving a contract for the next school year (September 1, 2018 through August 31, 2019).

37.    At the March 16, 2018 meeting Plaintiff Rawlings was not provided any explanation as to the reason that he was not being offered a contract.

38.    Plaintiff Rawlings was not provided any written memorandum or any other document offering any explanation as to the reason that he was not being offered a contract for the next school year.

39.    At the meeting Plaintiff Rawlings was advised that he had three options: (1) immediately end his employment; (2) end his employment with a two-week transition process ending March 30, 2018; or (3) finish the school year and teach though June 5, 2018.

40.    Plaintiff Rawlings was advised that if he elected the option to continue teaching he would not be permitted to participate in any extracurricular school activities for which he had already been scheduled, including:

a.    Chaperoning a student service project trip to Costa Rica during the period March 29-April 7, 2018 for which Rawlings has been previously approved by Father Chris Drennan, service trip coordinator;

b.    Attending an Augustinian Values Institute on April 13-15, 2018, an annual gathering of faculty, staff and board members of Augustinian high schools from across North America and the world in Richland, NJ, for which Rawlings had been enlisted by Beverly Gordon, Dean of Faculty Coaching; and

c.    Leading the April 25, 2018 session of AGE block, a monthly assembly of the freshmen class that seeks to address issues and teach students life skills that are "Augustinian, that will foster global awareness, and will introduce them into an entrepreneurial spirit."

41.    At the March 16, 2018 meeting Plaintiff Rawlings made it clear that he did not want to "retire" and that he wanted to continue teaching for quite some time and have his contract renewed.

42.    Defendant Malvern Prep refused and stated that under no circumstances would Plaintiff Rawlings be permitted to continue teaching at Malvern Prep beyond the end of the school year.

43.    Shortly thereafter, Plaintiff Rawlings was presented with a Severance Agreement and General Release asking him to waive all legal claims against Defendant Malvern Prep.

44.    Defendant Malvern Prep provided contracts for the 2018-2019 new school year to several substantially younger mathematics teachers who are less experienced and less qualified than Rawlings.

### Rawlings' Discrimination Complaint

45.    After being advised that his contract would not be renewed, on April 10, 2018, Plaintiff Rawlings made a formal complaint to Neha Morrison that he was being discriminated against based upon his age and disability. Rawlings made it clear that he believed that his employment was being terminated based on his age; and his disability, in that he needed a reasonable accommodation for his cluster headaches and he recently had made complaints that he was not being given access to the Quiet Room on a regular basis as required by his reasonable accommodation request.

46.    Defendant Malvern Prep did not conduct any investigation of Plaintiff Rawling's discrimination claims.

47.    On April 19, 2018, Plaintiff Rawlings advised Father Reilly and Neha Morrison that he would not be executing the Severance Agreement and Release and that it was his desire to remain teaching at Malvern Prep.

7

48.    On April 20, 2018, Neha Morrison advised Rawlings that he would be given more time, until May 1, 2018 to consider the Separation Agreement and "Our decision remains that we not renew your 2018-2019 Contract and that decision is final."

49.    On May 1, 2018, Neha Morrison advised Plaintiff Rawlings that he was to attend a meeting with Father Reilly to be scheduled on May 3, 2018.

50.    On May 2, 2018, Rawlings reaffirmed that he would not be signing the Agreement and that his decision was final.

### *The Termination of Rawlings' Employment*

51.    On May 3, 2018, after Plaintiff Rawlings had already left school for the day, he received a call from Ron Algeo, Assistant Head of School, advising Rawlings to return to the school and attend a meeting at 3:45 p.m.

52.    Rawlings returned to the school. Father Reilly, Head of School; Ron Algeo, Assistant Head of School; and Pat Sillip, Assistant Head of School; were present at the meeting.

53.    At the meeting Father Reilly said, "Well today is your last day at Malvern Prep. You are not to return to campus. You will be escorted off campus, and arrangements will be made for you to return and gather your personal items from your classroom. Your e-mail will be shut down."

54.    As a consequence of the termination of his employment Plaintiff Rawlings was not permitted to teach the remainder of the school year.

55.    At the May 3, 2018, meeting Plaintiff Rawlings was not provided any explanation as to the reason that his employment was terminated.

56.    Plaintiff Rawlings was not provided any written notice of the termination of the Contract, nor any other written document offering any explanation as to the reason that his employment was terminated.

*Malvern Prep's Hiring of Substantially Younger Teachers*

57. In refusing to provide Plaintiff Rawlings with a new contract and terminating Rawling's employment, Defendant Malvern Prep was motivated by a desire to discriminate and retaliate against an "older" employee.

58. The refusal to provide Plaintiff Rawlings with a new contract and the termination of his employment follows a pattern and practice of age discrimination at Malvern Prep during recent years as Malvern Prep has not renewed the contract of several "older" teachers, including Florence Crews, Mary Schreiner, Steve Valyo, Dr. Joseph Oechsle, and Paul Hornsleth ("the Older Teachers").

59. Each of the Older Teachers has been replaced by substantially younger, newly hired teachers.

60. Following the termination of Plaintiff Rawlings' employment Rawlings was replaced on a permanent basis by Michele Cleary (approximate age: late 20's) who is substantially younger than Rawlings.

61. In terminating Plaintiff Rawlings' employment and employing a substantially younger replacement to perform Rawlings' duties, Defendant Malvern Prep has discriminated against Rawlings based on his age.

62. Defendant Malvern Prep has also engaged in an orchestrated plan to discriminate against Rawlings based upon his disability, and retaliated against Rawlings for requesting reasonable accommodations.

63. Defendant Malvern Prep's proffered reasons for the termination of Plaintiff Rawlings' employment are pretextual; as Defendant had discriminatory motives based upon Rawlings' health, a perception that Rawlings is permanently disabled.

9

64.    Defendant Malvern Prep's actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

65.    Plaintiff Rawlings has incurred substantial damages due to Defendant Malvern Prep's termination of his employment.

## COUNT I

### VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

### 29 U. S. C. § 621 et. seq.

66.    Paragraphs 1 to 65 are incorporated herein by reference, as if set forth in full.

67.    In terminating Plaintiff Rawlings' employment, hiring a substantially younger replacement and continuing to employ substantially younger individuals to perform the same duties as Rawlings, Defendant Malvern Prep has discriminated against Rawlings based upon his age in violation of the ADEA.

68.    Defendant Malvern Prep's decision to terminate Plaintiff Rawlings' employment was arbitrary and capricious, and based on a discriminatory animus towards older employees in the workplace.

69.    Defendant Malvern Prep's conduct is per se unlawful and constitutes unlawful age discrimination in violation of the ADEA.

WHEREFORE, Plaintiff Michael Rawlings requests that this Court enter judgment in his favor and against Defendant Malvern Preparatory School, and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate and continue to violate the enactments of the federal legislature, award Plaintiff equitable relief in the form of reinstatement, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which he has been denied, including back pay, front pay, pre-judgment interest, liquidated

damages as defined by the Age Discrimination in Employment Act, reasonable attorneys' fees, expert witness fees, costs, and any other relief, which the court deems appropriate.

## COUNT II

## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

## 29 U. S. C. § 621, et. seq.

## RETALIATION

70.    Paragraphs 1 through 69 are incorporated herein by reference as though set forth in full.

71.    Plaintiff Rawlings engaged in protected activity under the ADEA when pursuant to Defendant Malvern Prep's policy he made an internal complaint based on a good faith belief that he was being discriminated against based on her age.

72.    Defendant Malvern Prep's decision to terminate Plaintiff Rawlings' employment prior to the end of the school year constitutes retaliation against Plaintiff for reporting conduct which he reasonably believed to be age discrimination.

73.    As a direct result of the unlawful retaliation, Plaintiff Rawlings has sustained permanent and irreparable harm.

74.    Defendant Malvern Prep 's conduct is per se unlawful and constitutes unlawful retaliation in violation of the ADEA.

WHEREFORE, Plaintiff Michael Rawlings requests that this Court enter judgment in his favor and against Defendant Malvern Preparatory School, and that this Court enter a declaratory judgment that Defendant's actions complained of damages exceeding $150,000.00, in the form of all compensation and monetary losses, which he has been denied, including back pay, front pay, pre-judgment interest, all other damages provided by the Age Discrimination in

11

Employment Act, reasonable attorneys' fees, expert witness fees, costs, and any other relief, which the court deems appropriate.

## COUNT III

## VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008

### 42 U. S. C. §12101, et. seq.

75.    Paragraphs 1 to 74 are incorporated herein as if set forth in full.

76.    Plaintiff Rawlings has a disability under the ADA in the form of a physical impairment that substantially limits one or more major life activities as compared to the average person or most people in the general population.

77.    Plaintiff Rawlings is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer.

78.    Defendant Malvern Prep is aware of Plaintiff Rawlings' disability.

79.    Plaintiff Rawlings has a record of impairment.

80.    Plaintiff Rawlings was regarded as having such impairment

81.    In refusing to provide Plaintiff Rawlings with a new contract and terminating Rawlings' employment, Defendant Malvern Prep was motivated by a desire to discriminate and retaliate against Rawlings because of his record of disability and continuing need for a reasonable accommodation.

WHEREFORE, Plaintiff Michael Rawlings requests that this Court enter judgment in his favor and against Defendant Malvern Preparatory School and that this Court award Plaintiff all damages available under the Americans with Disabilities Act, as amended, including monetary damages exceeding $150,000.00, compensatory damages, punitive damages, reasonable

attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT IV

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008

### 42 U. S. C. §12101, et. seq.

### RETALIATION

82.    Paragraphs 1 through 81 are incorporated herein by reference as though set forth in full.

83.    Plaintiff Rawlings engaged in protected activity under the ADA when pursuant to Defendant Malvern Prep's policy he made an internal complaint based on a good faith belief that he was being discriminated against based on his disability.

84.    Defendant Malvern Prep's decision to terminate Plaintiff Rawlings' employment prior to the end of the school year constitutes retaliation against Plaintiff for reporting conduct which he reasonably believed to violate the ADA.

85.    As a direct result of the unlawful retaliation, Plaintiff Rawlings has sustained permanent and irreparable harm.

86.    Defendant Malvern Prep's conduct is per se unlawful and constitutes unlawful retaliation in violation of the ADA.

WHEREFORE, Plaintiff Michael Rawlings requests that this Court enter judgment in his favor and against Defendant Malvern Preparatory School and that this Court award Plaintiff all damages available under the Americans with Disabilities Act, as amended, including compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

13

## COUNT V

## BREACH OF CONTRACT

87.     Paragraphs 1 through 86 are incorporated herein as though set forth in full.

88.     On February 27, 2017, Plaintiff Rawlings and Defendant Malvern Prep entered into a Teacher Contract for the 2017-2018 Academic Year, covering the period September 1, 2017 through August 31, 2018 (the "Contract") (*See* Exhibit "A").

89.     The Contract constitutes a legally binding contract under the law of the Commonwealth of Pennsylvania.

90.     Plaintiff Rawlings relied upon the terms of the Contract in performing his work duties during the course of his employment.

91.     The Contract requires Defendant Malvern Prep to pay Plaintiff Rawlings an annual salary of $93,346 on a semi-monthly basis.

92.     The Contract provides that either party may terminate the Contract by giving sixty (60) days written notice to the other party, and upon such termination, all terms and conditions of this Contract will be null and void.

93.     The Contract provides that the School may terminate the employment relationship or amend or modify the Contract prior to the end of the Term if Rawlings violated significantly the School's policies, practices, or procedures, obligations under the Contract, or the instructions of supervisor(s) relating to the conduct of work and the performance of duties; failed to abide by standards of conduct, performance and behavior reasonably expected by Malvern Prep; has been convicted of a felony or any lesser crime or any offense involving the property of Malvern Prep or students or has engaged in conduct that could result in such a conviction; has engaged in any

14

dishonest or fraudulent activity; or has acted in a way that injures or threatens Malvern Prep's reputation or standing in the community.

94.    Rawlings did not violate significantly the School's policies, practices, or procedures, obligations under this Contract or the instructions of supervisor(s) relating to the conduct of work and the predominance of duties; fail to abide by standards of conduct, performance and behavior reasonably expected by Malvern Prep; was not convicted of a felony or any lesser crime or any offense involving the property of Malvern Prep or students, did not engage in conduct that could result in such a conviction; did not engage in any dishonest or fraudulent activity; and did not acted in a way that injures or threatens Malvern Prep's reputation or standing in the community.

95.    Defendant Malvern Prep paid Plaintiff Rawlings approximately, $81,611.07 of the due $93,346.00 under the Contract, leaving a balance due of approximately $14,554.93.

96.    Defendant Malvern Prep have breached the Contract by not paying Plaintiff Rawlings approximately $14,554.93 due under the terms of the Contract.

97.    Plaintiff Rawlings has sustained damages as a result of Defendant Malvern Prep's breach of the Contract.

WHEREFORE, Plaintiff Michael Rawlings requests that this Court enter judgment in his favor and against Defendant Malvern Preparatory School, and pay Plaintiff's contractual damages of approximately, $14,554.93; plus, interest, costs and such other relief that this Court deems appropriate.

## COUNT VI

## ACTION PURSUANT TO PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 PA C. S. §260.1

98.    Paragraphs 1 through 97 are incorporated herein as though set forth in full.

99.    Plaintiff Rawlings and Defendant Malvern Prep entered into the Contract which constitutes a legally binding contract under the law of the Commonwealth of Pennsylvania.

100.    Plaintiff Rawlings was an Employee as defined by the WPCL.

101.    Defendant Malvern Prep is an Employer as defined by the WPCL.

102.    Plaintiff Rawlings, as an Employee, had a contractual entitlement to compensation in the form of wages due from Defendant Malvern Prep, as his Employer.

103.    Plaintiff Rawlings and Defendant Malvern Prep agreed on the obligation to be incurred in the form of services to be provided by Rawlings in exchange for wages to be paid by Malvern Prep.

104.    Plaintiff Rawlings provided services to Defendant Malvern Prep in exchange for wages.

105.    Plaintiff Rawlings, the party rendering the services, was justified in entertaining a reasonable expectation of being compensated by Malvern Prep, which received the services provided and which were a benefit.

106.    Defendant Malvern Prep have breached the Contract by not paying Plaintiff Rawlings approximately, $14,554.93 due under the terms of the Contract, at least a portion, if not all of which is unpaid Wages earned by Rawlings.

107.    Defendant Malvern Prep has willfully failed to pay Plaintiff Rawlings certain Wages as defined by the WPCL during the course of his employment within the time limits prescribed by the WPCL.

108.    Plaintiff Rawlings has been damaged as result of Defendant Malvern Prep's failure to pay Wages due.

16

109.    Defendant Malvern Prep has failed to pay certain Wages due for a period in excess of thirty (30) days beyond regularly scheduled paydays.

WHEREFORE, Plaintiff Michael Rawlings requests that this Court enter judgment in his favor and against Defendant Malvern Preparatory School, and enter a declaratory judgment that Defendant's actions complained of herein violate the Pennsylvania Wage Payment and Collection Law; and enter judgment in Plaintiff's favor against Defendant for all wages that Plaintiff should have received under the PMWA but for Defendants' violation of his rights; liquidated damages in an amount equal to an additional 25% of the total amount of wages due; reasonable attorneys' fees; expert witness fees; interest; costs; and any other relief, which the Court deems appropriate.

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

attorney for Plaintiff Michael Rawlings

Dated:  September 6, 2018

17

# EXHIBIT "A"

## THE MALVERN PREPARATORY SCHOOL
### TEACHER CONTRACT

MALVERN PREPARATORY SCHOOL, hereinafter referred to as "School" and Michael Rawlings hereinafter referred to as "Teacher," enter into this Teacher Contract (the "Contract") for the 2017-2018 Academic Year. For the purposes of this Contract, the "Term" shall be the period of September 1, 2017 through August 31, 2018 (the "Term").

For all work performed under this Contract, the School will pay Teacher an annual salary of **$93,346**. Payments will be made semi-monthly. Teacher also will receive a stipend/activity total of **$0** compensation for extra-curricular activity (See itemized list below). The School will permit Teacher to participate in the School's benefit programs in effect during the Term.

Teacher agrees to support the mission and philosophy of the School and to perform position and duties assigned by the Head of School or his designee in a professional manner and consistent with the policies, practices, and procedures as established by the School and subject to change by the School, including, but not limited to the policies within the School's Employee Handbook, and to adhere to the laws of the Commonwealth of Pennsylvania. Teacher represents that he/she has all necessary and appropriate credentials and is qualified to perform the duties of the assigned position and agrees to keep all relevant credentials and licenses current.

Employment under this Contract expires at the conclusion of the Term. This position and the duties assigned to Teacher are subject to change at the discretion of the Head of School. There is no right to or guarantee of future employment upon expiration of the Term.

Either party may terminate this Contract by giving sixty (60) days written notice to the other party, and upon such termination all terms and conditions of this Contract will be null and void. Notwithstanding the foregoing, the School may terminate the employment relationship or amend or modify this Contract prior to the end of the Term if the School's finds that the Teacher: has violated significantly the School's policies, practices, or procedures, the Teacher's obligations under this Contract, or the instructions of Teacher's supervisor(s) relating to the conduct of Teacher's work and the performance of Teacher's duties; has failed to abide by standards of conduct, performance and behavior reasonably expected by the School; has been convicted of a felony or any lesser crime or any offense involving the property of the School or Students or has engaged in conduct that could result in such a conviction; has engaged in any dishonest or fraudulent activity; or has acted in a way that injures or threatens the School's reputation or standing in the community. If the Teacher's employment terminates prior to the end of the Term, regardless of reason, all compensation and benefits will cease based on the last day worked, and will be pro-rated based on the portion of the Term actually worked.

This contract constitutes the full and complete agreement between the School and the Teacher regarding Teacher's employment at the School for the 2017-2018 Academic Year.

| Salary | Stipend/Activity | | Total |
|---|---|---|---|
| $93,346 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| $93,346 | | | |
| | | | $93,346 |

IN WITNESS WHEREOF, intending to be legally bound hereby, in consideration of the promises and agreements set forth herein, the parties hereto have executed this Contract on the day and year first written above.

THE MALVERN PREPARATORY SCHOOL
By Christian M. Talbot

_Christian Talbot_  2/27/17
HEAD OF SCHOOL                     DATE

_Michael Rawlings_  2/27/17
Michael Rawlings                     DATE